GEORGE MEARS *versus* CROWELL BICKFORD.

Upon a contract, made with his father's consent, between a minor and the defendant, to enlist as a substitute, the father cannot maintain an action in his own name.

Money paid as a bounty for enlistment into the military or naval service of the United States, is a gift to the person enlisting, and not wages.

Bounty money, to which a minor becomes entitled upon his enlistment as a soldier, belongs to him and not to his father or master.

ON REPORT.

ASSUMPSIT to recover money paid to the defendant by the town of Waterville, as bounty, for having put in a substitute.

After the evidence was all put in, the case was reported to the full Court, which was to render such judgment as the law and evidence required.

*S. H. Willard,* for the plaintiff.

*Reuben Foster,* for the defendant.

APPLETON, C. J. — The plaintiff testified that the defendant agreed with his minor son, if he would enlist as his substitute, to give him " two hundred dollars, and all the bounties that the town had raised or should raise towards filling that quota, and every thing accruing from that service."

George Mears, jr., the minor son, enlisted as a substitute for the defendant, with the consent of the plaintiff, and was counted on the quota of the town of Waterville, where the defendant resided.

The defendant paid two hundred dollars according to his agreement, and this suit is to recover of the defendant the sums received by him from Waterville.

It is not necessary to determine the validity or the effect of the votes of the town of Waterville relating to bounties, or what was the agreement between the son and the defendant as to the money received by him of the defendant town, inasmuch as we are satisfied that the plaintiff cannot maintain this suit.

The bounty, by the statutes on this subject, is to the person enlisting and mustered into the service of the United States. It is not for the benefit of the father or master of such person. It is a gift and not wages. It is not for services rendered, but a present for the act of enlistment, followed by mustering into the service of the United States and an allowance on the quota of the town promising the bounty. The father has no right to enlist the son. The enlistment is the act of the son. The contract is by him with the government. He assumes the duties and incurs the risks incident to the service. The perils are his and the rewards and prizes should belong to him. Enlisting, as in this case, by the consent of the father, the son ceases for the time of enlistment to be under the control of the father.

Referring to enlistments under the laws of the United States, STORY, J., in *U. S.* v. *Bainbridge*, 1 Mason, 84, uses the following language :—" The laws manifestly contemplate that it is a personal contract made by the infants themselves, for their own benefit. They are entitled to the pay, the bounties, and the prize money earned and acquired in the service. This is not denied in the argument. And, if the laws be so, then they must, by necessary implication, give a capacity to the infants to make such a contract ; and, when made, assert its legal validity." This doctrine has repeatedly been held applicable to bounties promised by towns to persons enlisting.

It was held in *Banks* v. *Conant*, 14 Allen, 497, that a bounty paid by the national government, or by a State, city or town, to a child or apprentice upon his enlisting into the military service of the United States, belongs to him and not to his father or master. In *Kelley* v. *Sproul*, 97 Mass., 169, it was decided that the bounty money to which a minor becomes entitled upon his enlistment as a soldier, belongs to him and not to his master; and that an agreement by him, to give his military bounty to his master for

permitting him to enlist, was voidable by the apprentice on the ground of infancy. So, too, money paid to the minor, for his enlistment as a substitute, is to be regarded as of the nature of bounty money and belongs to the minor. *Taylor* v. *Mechanic's Savings Bank,* 97 Mass., 345. In England, the prize money gained by an apprentice is held to belong to him and not to his master. *Carson* v. *Watts,* 3 Doug., 350.

The plaintiff cannot maintain a suit in his own name upon a contract made with his minor son with his consent to enlist as a substitute.                    *Judgment for defendant.*

KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.